# RICHARD H. ROSENBERG
### ATTORNEY AT LAW

217 BROADWAY  
SUITE 707  
NEW YORK, NEW YORK 10007

TEL: 212-586-3838  
FAX: 212-962-5037  
richrosenberg@msn.com

September 9, 2008

Hon. Richard J. Sullivan  
United States District Court  
Southern District of New York  
United States Courthouse  
500 Pearl Street  
New York, New York 10007

**Re: United States v. Nancy Diaz**  
**07 CR 692-05 (RJS)**

Dear Judge Sullivan:

  Please accept this letter and the annexed exhibits as defendant Nancy Diaz's sentencing memorandum as well as comments and objections to the Pre-sentence report. Ms. Diaz is scheduled to be sentenced on September 19, 2008. On May 1, 2008 Ms .Diaz pleaded guilty to count one of the indictment charging her with participating in a conspiracy to commit marriage fraud in violation of 8 U.S.C. § 1325 (c). The plea was entered pursuant to a plea agreement.

  While the sentencing guidelines are now advisory post United States v. Booker, 125 S. Ct. 738 (2005) and are but one of five factors to be considered in determining a sentence, district courts are nevertheless directed to determine the applicable guidelines range and consider it along with all the factors listed in 18 U.S.C. § 3553 (a). United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). Accordingly, the first part of this memorandum will address the guideline issues raised in the pre-sentence report, as well as comments and corrections to the report.

**Objections and Comments to the Pre-sentence Report:**

  Page 2. Although the report correctly states defendant's date of birth, her listed age is incorrect. She is 43 years of age, not 44 as stated.

  ¶ 30: While the defendant has admitted and continues to admit her participation in this offense, this particular event is mistakenly attributed to the defendant. The CC-4 dealt with another office worker and not Ms. Diaz and was so informed by Ms. Diaz when he approached her in April

2007 during the course of the investigation.

¶37. To be clear, defendant was not a drug addict at the time of this offense and was never homeless. The defendant successfully conquered her drug addiction more than seven and one half years ago and has been drug free from the inception of her treatment at Phoenix House in 2001 to date.

¶ 69: The aunt that her children stayed with in 2001-2002 while Ms. Diaz was in residence at Phoenix House was her former mate's sister. The children reported that the "aunt" was mean to them and for years the children have chosen not to maintain relationship with her.

**Post-Booker Sentencing Considerations**

As this court is well aware, while the sentencing guidelines provide a sentencing court with a "starting point and the initial benchmark", Gall v. United States, 128 S. Ct. 586 (2007), a sentencing court must now consider all of the 18 U.S.C. § 3553 (a) factors, not just the guidelines, in determining a sentence that is minimally sufficient to meet the goals of sentencing set forth in 18 U.S.C. § 3553 (a) (2): justice, deterrence, incapacitation and rehabilitation. United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

The requirement that a court impose a "sufficient, but not greater than necessary" sentence to achieve those goals sets a limit on the sentence that a court may impose. Further, in determining whether and to what extent imprisonment is appropriate based on § 3553 (a) factors, the court is required to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582 (a).

An examination of the defendant in relation to the factors delineated in § 3553(a) suggests that a non-prison sentence in this case is sufficient to meet the sentencing goals of the statute.

**The Defendant's Background, Character and Circumstances of the Offense**

Under 18 U.S.C.§ 3661, "no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing and appropriate sentence."

An examination of Ms. Diaz's background supports the supposition that despite Ms. Diaz's minor participation in this offense, she has shown herself to be an individual of character and strength, devoted to the proper care and upbringing of her sons and a commitment to helping others beat drug addiction and lead productive lives. Thus, her current situation notwithstanding, Ms. Diaz has shown herself to be a person of social conscience and responsibility.

Ms. Diaz experienced a dysfunctional childhood involving the pre-mature death of her natural father whom she feared as an abuser and the "confusion" of the entrance into her life of

2

various half-siblings from her mother's relationships. Her long term relationship with her sons' father resulted in separation and financial abandonment. As a young adult, Ms. Diaz turned to drugs and became addicted to crack cocaine and heroin. In year 2001 Ms. Diaz experienced a life change when she entered a court directed in-resident treatment program at Phoenix House. Ms. Diaz successfully completed the one and one half year program. She graduated the program drug free and has remained drug free to this day.

The defendant's freedom from addiction resurrected her role as mother. She has been a devoted mother to her two sons and has been their sole means of financial support. Her eldest son has just joined the army and her youngest is a high school student. Her children have come to rely upon her strength and guidance. Her youngest son, Angel. in particular, is deeply attached to his mother and depends on her for emotional and parental support that he would not be able to get from anyone else.

As the enclosed letters demonstrate, Ms. Diaz is admired by friends, family and her own therapist as a generous, supportive individual who has risen from the despair of drug addiction to a life devoted to the care and guidance of her children and others struggling with the demons of drug addiction. As a substance abuse counselor, Ms. Diaz has found a niche, an outlet for her need to impart the lessons hard learned from her own experience.

Ms. Diaz's participation in this offense, minor as it may have been, represents another hurdle she must overcome. She is deeply shamed and remorseful for her participation in this offense. Her great fear, and that of her son's, is that it could separate her from him. He is extremely dependent on her and in her absence, there is really no one that could provide for him. Angel's father has never financially contributed to his sons and the child's other relatives are either unsuitable or unavailable to assume that responsibility. Ms. Diaz has worked hard to build a strong parental bond with her children and repair the damage caused by her addiction and the separation that ensued during her treatment. She sought out professional help for her sons and has succeeded through her own determination and sobriety to provide for them emotionally, parentally, and financially. She prays that the court not impose a sentence that would interrupt the strides she has made in her personal life as a parent and as a contributor to the social fabric through her chosen work as a counselor at Day Top Village.

Ms. Diaz's universe consists of her work and dedication to her children. A non-custodial sentence would serve to permit Ms. Diaz to continue her role as single parent and provider, and as an advocate for drug abstinence and treatment.

**The need for the sentence imposed to promote statutory objectives:**

The statute directs the court, in determining sentence to consider the need for the sentence to promote respect for the law, provide just punishment, afford adequate deterrence to further criminal conduct and protect the public from further crimes of the defendant.

At the outset the court is respectfully asked to consider that Ms. Diaz, with a history of victory of drug dependence, a strong sense of familial responsibility, her admirable and effective work as a drug counselor and her solid employment history, qualifies her as a person who presents no danger to the society. The felony conviction suffered as a consequence of her participation in this case will have collateral consequences. She will be always marked as a convicted felon and she will be under probationary supervision.

Ms. Diaz is not a threat to society and a term of imprisonment is not necessary to protect the community or serve as a deterrence.

**The Kinds of Sentences Available:**

Since the guidelines are advisory, the restrictions on probationary sentences, sentences of home confinement, and split sentences found in the guidelines are also advisory. Indeed, by statute the defendant is eligible for a probationary sentence. Here, it is respectfully urged that in determining a sentence that is both reasonable and sufficient to achieve the goals of sentencing, the court consider the aforementioned background and character of the defendant, her positive adjustment to supervision and her limited offense conduct as a basis for the imposition of a non-jail sentence under 18 U.S.C. 3553(a).

**The Guideline sentence range**

The defendant entered her plea to the superceding information pursuant to a plea agreement. That agreement estimated the applicable guideline offense level at level 13, criminal history category I, and a sentence guideline range after adjustment for acceptance of responsibility of 12 to 18 months imprisonment. The PSR guideline calculation is identical.

The defendant's plea agreement provides a stipulation that the aforementioned sentence range would constitute a reasonable sentence pursuant to the § 3553 (a) factors but leaves the defendant free to argue for a non-guideline sentence. As noted in the prior sections of this submission, we do just that and suggest to the court that a sentence outside the guidelines under the facts and circumstances present, is also reasonable and serves the interests of justice.

This court has presided over this case for more than a year and has had the opportunity to appreciate the significant differences in degrees of culpability among the defendants. Among the defendants named in this indictment Nancy Diaz is perhaps the least culpable. Her association with the marriage fraud business was administrative and not that of a leader or principal.

For all the reasons previously set forth regarding Ms. Diaz's background and character, the nature of her offense, and her demonstrated ability to regain her footing on a lawful path of gainful employment and guidance to others, her dedication to family, and the need for her teenage son to have her remain in place as his sole means of support, point to the reasonableness of a sentence of probation. It is respectfully submitted that a non-custodial sentence, either of straight probation or

one including house arrest and/or community service in this case is sufficient to serve the goals of sentencing with the added attribute of being compassionate and merciful

Respectfully submitted,

Richard H. Rosenberg
RR0846

To: AUSA Jenna Dabbs
    Nicole l. Guite, U.S. Probation